UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTL FCSTONE MARKETS, LLC,

                                    Plaintiff,

              v.

AGRO SANTINO OOD,

                                    Defendant.

No. 20-cv-02658 (JMF)

**ANSWER AND COUNTERCLAIMS OF AGRO SANTINO OOD**

Defendant Plaintiff Agro Santino OOD ("Agro Santino"), by its attorneys, Seward & Kissel LLP, as and for its Answer to the Complaint ("Complaint") of Plaintiff Intl FCStone Markets, LLC ("FCStone" or "Plaintiff"), states and asserts defenses as follows:

1.    Denies the allegations of paragraph 1, except that Plaintiff purports to bring this action to recover monies Plaintiff alleges are due under the agreement referenced therein.

2.    Denies the allegations of paragraph 2.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.    Admits the allegations of paragraph 4.

5.    States that Plaintiff purports to invoke the Court's jurisdiction in paragraph 5 as set forth therein.

6.    States that the allegation of paragraph 6 is a legal conclusion to which no response is required and otherwise refers the Court to the agreement referenced therein for the contents thereof.

7.     Denies the allegations of paragraph 7, except states that Plaintiff purports to invoke venue and personal jurisdiction as set forth therein and refers the Court to the agreement referenced therein for the contents thereof.

8.     Denies the allegations of paragraphs 8 to 18, except refers the Court to the agreement referenced therein for the contents thereof.

9.     Denies the allegations of paragraph 19, except that Agro Santino executed various transactions with and through Plaintiff, that Agro Santino complied with its obligations under the agreement referenced therein, and refers the Court to the correspondence and agreement referenced therein for the contents thereof.

10.    Denies the allegations of paragraph 20, except that Agro Santino's open positions experienced losses as a consequence of unauthorized trading.

11.    Denies the allegations of paragraph 21, except refers the Court to the communications and agreement referenced therein for the contents thereof.

12.    Denies the allegations of paragraph 22, except states that by letter dated September 20, 2018, Agro Santino declined to make payment as demanded by Plaintiff due to the subject trades being made without authorization, a fact that was known, or which should have been known, by Plaintiff.

13.    Denies the allegations of paragraph 23, except refers the Court to the communications and agreement referenced therein for the contents thereof.

14.    Denies the allegations of paragraph 24, except refers the Court to the communication referenced therein for the contents thereof, and further states that by letter dated September 20, 2018, Agro Santino declined to make payment as demanded by Plaintiff due to

the subject trades being made without authorization, a fact that was known, or which should have been known, by Plaintiff.

15.     Denies the allegations of paragraph 25, except that Plaintiff improperly liquidated Agro Santino's open positions and set-off the amount of the proceeds of the liquidation against what Plaintiff purports to be the amount it is due under the agreement referenced therein, and refers the Court to the agreement referenced therein for the contents thereof.

16.     Denies the allegations in paragraph 26, except refers the Court to the written notice referenced therein for the contents thereof.

17.     Denies knowledge or information sufficient to form a belief as to first sentence of paragraph 27 and states that Agro Santino has not made any payment to Plaintiff because no payments are owed to Plaintiff.

18.     Denies the allegations of paragraph 28 insofar as it states or infers that Agro Santino owes any amount to Plaintiff.

19.     Denies the allegations of paragraph 29.

20.     Denies the allegations of paragraph 30, except refers the Court to the agreement referenced therein for the contents thereof.

21.     Denies the allegations of paragraph 31, except refers the Court to the documents and proceedings referenced therein for the contents thereof.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, except refers the Court to the order referenced therein for the contents thereof.

23.     With respect to paragraph 33, Agro Santino incorporates its response to paragraphs 1 through 32 as though fully set forth herein.

24.     Admits the allegations of paragraph 34.

25.     Denies the allegations of paragraph 35.

26.     Denies the allegations of paragraph 36.

27.     Denies the allegations of paragraph 37, and further states that Agro Santino has not made any payments to Plaintiff because no amounts are owed to Plaintiff.

28.     Denies the allegations of paragraph 38.

## FIRST DEFENSE

29.     Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

30.     The transactions in dispute were caused to be executed by an Agro Santino employee who lacked authority to enter such transactions.

31.     The transactions in dispute were not authorized by Agro Santino.

32.     Plaintiff knew or should have known that transactions in dispute were not authorized by Agro Santino.

33.     Accordingly, Agro Santino is not responsible for any losses in respect of such unauthorized transactions.

## COUNTERCLAIMS

Defendant Plaintiff Agro Santino hereby counterclaims against Plaintiff FCStone, and states as follows:

## FACTS

34.     On or about September 18, 2017, Agro Santino employee Stanislav Georgiev ("Georgiev") sent an email to Agro Santino's shareholders requesting approval to open a "hedging account with INTL FCStone, Inc[.]"  He stated that the requested account would "use

derivatives only to hedge the physical positions but not speculation." A copy of this email is attached as Exhibit 1.

35.     Later that day, Agro Santino held a general meeting of its shareholders (the "General Meeting"). At that General Meeting, Agro Santino shareholders voted to approve a resolution to open "an account with professional grain trading financial services institution (INTL FCStone, Inc.) giving access to the international commodity market in order to hedge the prices for sale of own production." A copy of that resolution (the "Resolution") is attached as Exhibit 2.

36.     The Resolution expressly limited permissible trading in the account (the "Account") to hedge positions, stating: "Derivatives trading is allowed only to hedge physical own production long positions." *See* Ex. 2 at 3. The Resolution further provided that Georgiev and another individual were authorized to sign account opening papers, but added that the they "shall adopt conservative hedging strategies" in respect of any trading in the Account. *Id*.

37.     In September 2017, Agro Santino approached FCStone about opening the Account. As a precondition for opening the Account, FCStone requested, and was thereafter provided by Agro Santino, a copy of the Resolution authorizing the Account for hedging transactions only.

38.     On or about September 19, 2017, Agro Santino and FCStone entered into an agreement establishing a swap and over-the-counter derivatives account with FCStone (the "Agreement"). Attached as Exhibit 3 is a copy of the Agreement.

39.     The Agreement indicates that Agro Santino's trading objective was for "hedging" against "grain, oil, [and] seeds" commodities, but not "speculative" trading. *Id*. at 3.

40.     Despite this limitation, starting in March 2018 and continuing thereafter, FCStone executed speculative, unauthorized trades entered by Georgiev in soya bean, soya bean meal, and other commodities that Agro Santino had no physical positions in (the "Speculative Trades").

41.     Georgiev had no authority to engage in the Speculative Trades on behalf of Agro Santino, nor were the Speculative Trades permitted under the Agreement.  *See* Exs. 2 and 3.

42.     In August 2018, the Speculative Trades caused Agro Santino to suffer substantial losses.

43.     On September 12, 2018, in an effort to cover these losses—which FCStone had wreaked by executing the unauthorized Speculative Trades—FCStone liquidated Agro Santino's open positions and set-off the amount of the proceeds of the liquidation against the losses.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

44.     Agro Santino repeats, realleges and reiterates paragraphs 34 to 43 as though fully set forth herein.

45.     FCStone—which had requested and received the Resolution expressly limiting Georgiev's authority to trade in the Account—executed the Speculative Trades even though it knew, or should have known, that Georgiev had no authority to enter the Speculative Trades on behalf of Agro Santino.

46.     FCStone executed the Speculative Trades despite the fact that the Agreement permitted "hedging" trades concerning "grain, oil, [and] seeds" commodities, but not speculative, open-ended trading.

47.     By executing the Speculative Trades and subsequently liquidating FCStone's open positions, FCStone has breached the Agreement and is liable to Agro Santino for damages

in an amount to be determined at trial, but estimated to be the amount of the proceeds from Plaintiff's liquidation of Agro Santino's open positions, exclusive of interest and costs.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment/Monies Had and Received)

48.     Agro Santino repeats, realleges and reiterates paragraphs 34 to 43 as though fully set forth herein.

49.     FCStone—which had requested and received the Resolution expressly limiting Georgiev's authority to trade in the Account—executed the Speculative Trades even though it knew, or should have known, that Georgiev had no authority to enter the Speculative Trades on behalf of Agro Santino.

50.     FCStone was enriched when it liquidated Agro Santino's open positions and retained the proceeds of the liquidation.

51.     Given its complicity in the actions of Agro Santino's employee, it is improper for Plaintiff to retain the proceeds from the liquidation of Agro Santino's open positions.

WHEREFORE, Agro Santino respectfully requests that the Court dismiss the Complaint in its entirety; deny each request for relief set forth in the Complaint; and enter judgment on the counterclaim in its favor and against FCStone as follows:

(a)     Damages in an amount to be determined at trial but estimated to be the amount of the proceeds from Plaintiff's liquidation of Agro Santino's open positions;

(b)     Pre-judgment and/or post-judgment interest as provided for under applicable law;

(c)     Agro Santino's reasonable attorneys' fees, costs and disbursements as allowed under applicable law;

(d)     Such other and further relief as the Court deems just and proper.

New York, New York
November 6, 2020                          Respectfully submitted,

                                         SEWARD & KISSEL LLP


                              By:   _s/ Mark J. Hyland_____
                                    Mark J. Hyland
                                    Noah S. Czarny

                                    One Battery Park Plaza
                                    New York, New York 10004
                                    (212) 574-1200

                                    *Attorneys for Defendant Agro Santino OOD*

SK 29942 0002 8640907

8