```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
INTL FCSTONE MARKETS, LLC,                                         :
                                                                   :
                              Plaintiff,                           :
                                                                   :      20-CV-2658 (JMF)
              -v-                                                  :
                                                                   :     MEMORANDUM OPINION
AGRO SANTINO OOD,                                                  :         AND ORDER
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Having reviewed the parties' submissions, the Court concludes that the pre-discovery motion for summary judgment filed by INTL FCStone Markets, LLC ("FCStone") must be denied. In general, "summary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (cleaned up). It is "[o]nly in the rarest of cases" that summary judgment may "be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Id.* (citing cases). This is not one of the "rarest cases" in which the non-moving party, Agro Santino OOD ("Agro"), should be denied "the opportunity to discover information that is essential to [its] opposition to the motion for summary judgment." *Id.* (cleaned up). If there are not disputes of material fact that would require denial of summary judgment, there are certainly issues that call for further factual development, including but not limited to when the agreement between the parties was executed; whether the Shareholder Resolution, ECF No. 41-4, was incorporated, by reference or otherwise, into the parties' agreement; whether and to what extent FCStone knew or should have known that the trades at issue were unauthorized; whether

the Agro executive who directed the trades had authority (actual or apparent) to do so; whether Agro received trade confirmations, and — if so — by whom the confirmations were received; and whether the parties' agreement was modified by the parties' course of performance.

It follows that FCStone's motion to dismiss Agro's counterclaim for breach of contract must also be denied. Put simply, if Agro is correct that FCStone executed trades that were not authorized under the terms of the parties' agreement, FCStone's retention of liquidation proceeds otherwise belonging to Agro would presumably constitute a breach. By contrast, FCStone's motion to dismiss Agro's counterclaims for unjust enrichment and monies had and received must be and is granted. Agro does not even respond to FCStone's argument with respect to monies had and received and, thus, the claim is deemed abandoned. *See, e.g.*, *Simon v. City of New York*, No. 14-CV-8391 (JMF), 2015 WL 2069436, at *2 (S.D.N.Y. May 4, 2015), *reconsideration denied,* 2015 WL 4092389 (S.D.N.Y. July 6, 2015); *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 392 (S.D.N.Y. 2013). As for unjust enrichment, Agro's claim must be dismissed as duplicative of its breach-of-contract claim. *See, e.g.*, *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016). More specifically, where, as here, an unjust enrichment claim "rest[s] on the same factual allegations" as a contract claim and "the parties d[o] not dispute that they shared a contractual relationship," dismissal of the unjust enrichment claim is appropriate. *In re Columbia Tuition Refund Action*, — F. Supp. 3d —, Nos. 20-CV-3208 (JMF) et al., 2021 WL 790638, at *9 (S.D.N.Y. Feb. 26, 2021) (citing cases); *cf. Khmaladze v. Vorotyntsev*, No. 16-CV-8029 (GHW), 2019 WL 1746006, at *4 (S.D.N.Y. Apr. 18, 2019) (holding that a plaintiff may plead a claim for unjust enrichment in the alternative when the counterparty maintains that the underlying contract is unenforceable).

In short, FCStone's pre-discovery motion for summary judgment is DENIED and its motion to dismiss Agro's counterclaims is GRANTED in part and DENIED in part.  FCStone is instructed to answer Agro's remaining counterclaim no later than **two weeks from the date of this Memorandum Opinion and Order.**  Additionally, the initial pretrial conference is hereby reinstated and scheduled for **July 15, 2021,** at **4:15 p.m**.  The parties are reminded to follow the pre-conference procedures set forth in the Court's Order at ECF No. 8.

The Clerk of Court is directed to terminate ECF No. 34.

SO ORDERED.

Dated: June 9, 2021
        New York, New York

                                            _____
                                            JESSE M. FURMAN
                                            United States District Judge