UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTL FCSTONE MARKETS, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>AGRO SANTINO OOD,<br><br>                Defendant. | Case No: 1:20-cv-02658-JMF |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order, in connection with the pre-trial phase of this action:

1.    <u>Scope</u>.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject

1

to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. <u>Confidential Information</u>.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information that is nonpublic and competitively sensitive; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential.  Information or documents that are available to the public may not be designated as Confidential Information.

3. <u>Designation</u>.

(a)   A party or non-party may designate Discovery Material as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL" shall be applied prior to or at the time the Discovery Material is produced or disclosed.  Any copies that are made of any Discovery Materials marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked Discovery Materials and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)   The designation of Discovery Material as Confidential Information is a certification by an attorney or a party appearing pro se that the Material contains Confidential Information as defined in this Order.

(c) Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

4. Depositions. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony and any exhibits that are designated Confidential Information. Counsel receiving the Notice of Designation will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the designating party. Thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) directly or indirectly for any purpose whatsoever other than in this litigation, including any appeal thereof. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

(b) Limited Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity

3

except as set forth in subparagraphs (1) – (9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)    Counsel. Counsel for the parties retained specifically for this action and employees of such counsel who have responsibility for the action;

    (2)    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)    The Court and its personnel;

    (4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    (5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (6)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Confidential Information shall not be disclosed to any outside experts or consultants who are current employees of a direct competitor of any party named in this action;

    (7)    Witnesses. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such witness has first completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain any Discovery Material containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    (8)    Author or recipient. The author or recipient of a document (not including a person who received the document in this course of litigation), and any other person indicated on the face of the document as having received a copy; and

   (9) Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  (c) Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of this case.

  (d) If any Confidential Information is comprised in a data breach, the party that suffered the data breach must immediately notify the producing party.

 6. <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate Discovery Material as Confidential Information does not waive the right to so designate the Material and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Material will be subject to the protections of this Order.  If a party designates Discovery Material as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Order.  The producing party shall provide the receiving party with replacement versions of such Discovery Material that bears the "CONFIDENTIAL" designation within two (2) business days of providing such notice.  No party shall be found to have violated this Order for failing to maintain the confidentiality of the Material during a time when the Material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the Material is subsequently designated Confidential Information.

      7.      <u>Inadvertent Production of Privileged Information</u>.

      (a)      The Parties agree that the inadvertent production of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Information"), whether or not designated "CONFIDENTIAL" under this Protective Order, shall not, for the purposes of this proceeding or any other proceeding in any other court, be deemed a waiver of any applicable privilege or protection pursuant to Fed. R. Evid. 502(d), regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error. The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Order.

      (b)      In the event that material considered by the producing party to be Privileged Information is inadvertently produced, the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

      8.      <u>Filing of Confidential Information</u>.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file material designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.2 and Rule 7 of the Honorable Jesse M. Furman's Individual Rules and Practices in Civil Cases.  Confidential Information shall be redacted from any public filing not filed under seal in accordance with Rule 7 of the Honorable Jesse M. Furman's Individual Rules and Practices in Civil Cases.

      9.      <u>Notes of Confidential Information</u>:  Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Information, or any other form of information (including electronic forms), that quote from, paraphrase, copy, or disclose Confidential Information with such specificity that the Confidential Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of

confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Protective Order.

10. <u>No Greater Protection of Specific Material</u>. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11. <u>Challenges by a Party to Designation as Confidential Information</u>. The designation of any material or document as Confidential Information is subject to challenge by any party. A party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made. A failure to do so shall not preclude a subsequent challenge thereto, nor shall it constitute an admission that any information/item is in fact considered confidential. The following procedure shall apply to any challenge to a designation:

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a letter-motion for an informal conference consistent with Rule 2.E of the Honorable Jesse M. Furman's Individual Rules and Practices in Civil Cases. The burden of

persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12. <u>Action by the Court</u>. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by letter-motion pursuant to Rule 2.E of the Honorable Jesse M. Furman's Individual Rules and Practices in Civil Cases. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of materials produced in discovery or at trial.

13. <u>Use of Confidential Documents or Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing shall bring the issue to the Court's and parties' attention by written or oral motion without disclosing the Confidential Information. Notwithstanding the foregoing, a party need not notify the Court or other parties regarding the potential use of Confidential Information at a hearing when the Confidential Information was filed under seal in connection with a motion to be heard at that hearing. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing. The parties will meet and confer regarding the use of Confidential Information at trial no later than 14 days before the final pretrial conference.

14. <u>Confidential Information Subpoenaed or Ordered by Law</u>.

(a) Nothing in this Order will prevent any party or person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction (hereinafter, a "Legal Order"). If a receiving party is served with such a Legal Order,

the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the Legal Order.  Such notification must include a copy of the Legal Order. Upon receiving such notice, the producing party will have the right to move for a protective order or other protective measure if the producing party deems it appropriate to do so.

(b) The receiving party also must immediately inform in writing the party who serves the Legal Order that some or all of the material covered by the Legal Order is the subject of this Protective Order.  In addition, the receiving party must deliver a copy of this Protective Order promptly to the party who served the Legal Order.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court or agency from which the Legal Order issued.  The designating party shall bear the burden and the expense of seeking protection in that court or agency of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court or agency.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

15. <u>Challenges by Members of the Public to Sealing Orders</u>.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation.  Within 63 days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Discovery Material marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the Discovery Material has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to Discovery Material bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Materials.  In either event, by the 63-day deadline, the recipient of the Confidential Information must certify in writing its return or destruction to the producing party.

(c)     Retention of Work Product and one set of Filed Documents.  Notwithstanding the above requirements to return or destroy Discovery Materials, counsel specifically retained for this action may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

10

17. <u>Order Subject to Modification</u>.  This Order shall be subject to modification by the Court on its own initiative, by written stipulation of counsel, or on motion of a party or any other person with standing concerning the subject matter.  All notices or other communications required by this Order are to be served via email to the attorney(s) for each of the parties listed in the signature block below for each party.

18. <u>No Waiver of Grounds for Producing Material</u>.  This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness, or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

19. <u>Personally Identifiable Information</u>.  Personally identifiable information (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be handled by counsel for the receiving party with the highest care.

20. <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21. <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: December 7, 2021

_____
U.S. District Judge

SO STIPULATED AND AGREED.

Dated: December 7, 2021
       New York, New York

| */s/ Peter Fox* | */s/ Marc A. Silverman* |
|---|---|
| Peter Fox | Marc A. Silverman |
| **SCOOLIDGE PETERS RUSSOTTI & FOX LLP** | Jeffrey D. Rotenberg |
| 2 Park Avenue, 20th Floor | **DLA PIPER LLP (US)** |
| New York, NY 10016 | 1251 Avenue of the Americas |
| (212) 729-7708 | New York, NY 10020 |
| pfox@sprfllp.com | (212) 335-4828 (Phone) |
|  | (212) 884-8487 (Fax) |
|  | marc.silverman@dlapiper.com |
| *Attorneys for Defendant Agro Santino OOD* | jeffrey.rotenberg@dlapiper.com |
|  | *Attorneys for Plaintiff INTL FCStone Markets, LLC* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTL FCSTONE MARKETS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AGRO SANTINO OOD,<br><br>　　　　　　　Defendant. | Case No: 1:20-cv-02658-JMF |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                                                                             _____

                                                                             _____

Date: _____                        _____
                                                                            Signature