**Scoolidge,
Peters,
Russotti &
Fox, LLP**

**Peter Fox**
2 Park Avenue – 20th Floor
New York, NY 10016
(212) 729-7708
pfox@sprfllp.com

May 20, 2022

> Plaintiff shall file any response by May 26, 2022. In the meantime, this action is not stayed, and all discovery and other deadlines remain in place. Accordingly, the deposition scheduled for tomorrow shall proceed as scheduled. SO ORDERED.
>
> *[signature]*
> May 23, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: *INTL FCStone Markets LLC v. Agro Santino OOD*, No. 20-cv-02658

Dear Judge Furman:

We represent the defendant/counterclaim plaintiff, Agro Santino ODD ("Agro") in the above-captioned action, and write pursuant to Local Rule 7.1(d) and Paragraph 3.A of Your Honor's Individual Rules and Practices to request a stay of the action pending the disposition of the petition for recognition of a foreign proceeding under Section 1515 of Title 11 of the U.S. Code that Agro's foreign representative plans to file in U.S. Bankruptcy Court next week.[1]

Under Chapter 15 of the U.S. Bankruptcy Code, recognition of a foreign proceeding is not discretionary. Where the three basic elements of Section 1517(a) are satisfied – *i.e.* the overseas bankruptcy qualifies as a "foreign proceeding," the foreign representative is a person or a body, and the petition for recognition satisfies certain technical requirements – the petition must be granted. In cases where the foreign proceeding qualifies as a "foreign main proceeding" – as the Bulgarian insolvency proceeding unequivocally does – the Code's automatic stay automatically applies.

In this context, it is highly likely that the case at bar will be stayed indefinitely within a few weeks. There is no justifiable reason for the parties or the Court to spend further time or resources on the case in interim – a view counsel to the plaintiff/counterclaim defendant INTL FCStone Markets LLC ("FCStone") appeared to share before reversing course this morning.[2]

**Authority to Issue the Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] Despite the initiation of the Bulgarian insolvency proceeding by a creditor in the Summer of 2021, Agro was not found to be insolvent – and hence eligible for Chapter 15 relief – until March 2022.

[2] *See* Email from M. Silverman to P. Fox, May 20, 2022 (attached hereto as Ex. A).



counsel, and for litigants."[3]  In determining whether to grant a motion to stay, courts in this Circuit apply the factors set out in *Kappel v. Comfort*, which are: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."[4]  A trial court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court."[5]  "The decision whether to stay an action calls on a district court's studied judgment, requiring the court to examine the particular facts before it and determine the extent to which . . . a stay would work a hardship, inequity, or injustice to a party, the public or the court, and whether permitting the active litigation of the case at present would only waste the parties' resources and the Court's time."[6]

## Basis for Issuing a Stay

Here, the *Kappel* factors suggest that this case should be stayed.  Recognition of the Bulgarian proceeding as a "foreign main proceeding" is a near certainty, making any further litigation before the Court a waste of the parties' time and resources.

Under Section 1517(a) of the Code, "an order recognizing a foreign proceeding *shall* be entered if – (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515."  As mentioned, entry of such an order is not discretionary.[7]  Even misconduct or bad faith is insufficient to deny recognition.[8]

Section 1517(a)'s elements will be easily satisfied in Agro's Chapter 15 case since the Bulgarian insolvency proceeding – the sole purpose of which is to liquidate the assets of a purely

---

[3] *Landis v. North Am. Co*., 299 U.S. 248, 254 (1936).

[4] 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)

[5] *Goldstein v. Time Warner New York City Cable Grp.*, 3 F. Supp. 2d 423, 437-38 (S.D.N.Y. 1998) (internal citations omitted).

[6] *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015).

[7] *See In re PT Bakrie Telecom Tbk,* 628 B.R. 859, 870-71 (Bankr. S.D.N.Y. 2021)

[8] *In re Culligan Ltd.*, No. 20-12192-JLG, 2021 WL 2787926, at *14 (Bankr. S.D.N.Y. July 2, 2021)



Bulgarian business – clearly meets the definition of a "foreign main proceeding,"[9] the foreign representative is a duly authorized "person," and the foreign representative's petition will be accompanied by the requisite evidence of his authority and the existence of the Bulgarian proceeding.[10]

Under these circumstances – despite FCStone's seemingly obstructionist stance on the matter – no one's interests are served by continuing to litigate while the Bankruptcy Court considers the petition for recognition. FCStone would not be prejudiced by a stay because, for all intents and purposes, this case will be over once the Bankruptcy Court's recognition order issues. Thus, additional litigation while the petition is pending would do nothing to advance its claim, while costing time and resources. In the same vein, the Court and Agro would be burdened by the costs of additional litigation without the case moving any closer to judgment.

Finally, a stay is in the public interest since it would serve the same purpose as – and, in essence, accelerate – the recognition of the Bulgarian proceeding. Congress added Chapter 15 to the Code to promote cooperation between U.S. courts and "the courts and other competent authorities of foreign countries involved in cross-border insolvency cases . . ., provide for the fair and efficient administration of cross-border insolvencies that protect the interest of all creditors and other interested entities, including the debtor," and "afford protection and maximization of the value of the debtor's assets."[11] The application of the Code's automatic stay provision serves these purposes – and so would a stay now.

Accordingly, Agro respectfully requests the Court stay this action pursuant to its inherent authority to do so.

Respectfully submitted,

cc: All counsel of record via ECF

---

[9] *Cf.* 11 U.S.C. § 1502(4) ("[F]oreign main proceeding" means a foreign proceeding pending in the country where the debtor has the center of its main interests[.]"); *id.* § 101(23) ("The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.").

[10] *See* 11 U.S.C. §§ 1515(b)-(d)

[11] *See id.* § 1501(a).