**Scoolidge, Peters, Russotti & Fox, LLP**

**Peter Fox**
2 Park Avenue – 20th Floor
New York, NY 10016
(212) 729-7708
pfox@sprfllp.com

July 14, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:  *INTL FCStone Markets LLC v. Agro Santino OOD*, No. 20-cv-02658

Dear Judge Furman:

      We represent the defendant/counterclaim plaintiff, Agro Santino ODD ("Agro") in the above-captioned action, and write pursuant to the Court's order of June 24, 2022 (Dkt. No. 99), directing the parties to "promptly file any written order from the Bankruptcy Court for the Southern District of New York staying this case."

      Earlier today, the Bankruptcy Court entered the attached order memorializing its oral ruling of June 22, 2022, staying this case.

                                    Respectfully submitted,

cc:  All counsel of record via ECF

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

Agro Santino, OOD

Debtor in a Foreign Proceeding

---

Chapter 15

Case No. 22-10756 (JLG)

**ORDER GRANTING PROVISIONAL RELIEF PENDING
RECOGNITION OF A FOREIGN MAIN PROCEEDING
PURSUANT TO 11 U.S.C. §§ 1519, 105(a) AND 362**

Upon the Application (the "Application") of Yordanka Ivanova Panchovska, in her capacity as the foreign representative (the "Foreign Representative") in the Bulgarian insolvency proceeding, case number 20215500901241 (the "Bulgarian Bankruptcy Proceeding") of Agro Santino OOD (the "Debtor") for provisional relief pending recognition of a foreign main proceeding pursuant to 11 U.S.C. §§ 1519, 105(a) and 362; and upon the *Declaration of Yordanka Ivanova Panchovska in Support of Motion for Provisional Relief Pending Recognition of a Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1519, 105(a) and 362, Verified Petition Under Chapter 15 for an Order Granting Recognition of the Bulgarian Bankruptcy Proceeding and Motion for Order Granting Relief Pursuant to 11 U.S.C. §§ 105(a), 1509(b), 1515, 1517, and 1520(a) and Related Procedural Motions*; and upon all other pleadings, briefing, and proceedings had in this chapter 15 case, including the hearing on the merits of the Application (the "Hearing") held on June 21, 2022; and it appearing that this Court has jurisdiction to consider the Application pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.); and appropriate and timely notice of the filing of this Application

and the Hearing having been given; and no other or further notice being necessary or required; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The finding and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Application was granted, and the objection thereto filed by StoneX Markets LLC ("StoneX") was overruled, from the bench on June 22, 2022, as provided in the Court's oral ruling on that date and as stated herein.

C. The Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order. This is a core proceeding pursuant to sections 157(b) of title 28 of the United States Code.

D. Venue is proper in this district pursuant to section 1409(a) and 1410 of title 28 of the United States Code.

E. The statutory basis for the relief requested consists of sections 1519, 105(a) and 362 of the Bankruptcy Code. Pursuant to section 1519 of the Bankruptcy Code, from the time of filing of a petition for recognition of a foreign main proceeding until the Court rules on that petition, the Court may grant certain relief of a provisional nature.

F. The Bulgarian Bankruptcy Proceeding is pending in the Stara Zagora District

Court in Stara Zagora, Bulgaria and the Foreign Representative has been authorized to act as foreign representative (as such term is defined in section 101(24) of the Bankruptcy Code) in this chapter 15 case.

G.  On June 14, 2022, the Foreign Representative duly commenced this chapter 15 case under chapter 15 of the Bankruptcy Code on behalf of the Debtor.

H.  The Foreign Representative is not required to commence an adversary proceeding to seek the relief requested in the Application.

I.  Based on the pleadings filed to date, the Court concludes that the Foreign Representative has demonstrated a likelihood of success on the merits of her petition for recognition of a foreign main proceeding (the "Petition").

J.  The relief sought by the Foreign Representative in the Application is authorized under section 1519 of the Bankruptcy Code and the Foreign Representative has demonstrated that irreparable harm to the Debtor may occur in the absence of the relief sought in the Application.

K.  For the purposes of this Order and the relief granted herein, the balance of harms favors granting the requested relief.

L.  For purposes of this Order and the relief granted herein, the relief granted serves the public interests.

M.  The relief sought by the Application will not cause undue hardship to any party in interest and, to the extent any hardship may result to such parties, it is outweighed by the benefits of the relief requested to the Foreign Representative, the Debtor, and its creditors.

N.  The relief granted hereby is necessary and appropriate in the interests of the

3

public and international comity; it is consistent with the public policy of the United States; and it will not cause the Debtor's creditors or other parties in interest any hardship that is not outweighed by the benefits of granting the relief requested herein.

   O.  No security is required for the relief granted herein, under Rule 7065 of the Federal Rules of Bankruptcy Procedure or otherwise.

   P.  All parties in interest will be sufficiently protected by the provisions of section 362 of the Bankruptcy Code.

   Q.  Appropriate notice of filing of, and the Hearing on, the Application was given, which notice is deemed adequate for all purposes, and no other further notice need be given.

**NOW THEREFORE, IT IS HEREBY**

**ORDERED**, that section 362 of the Bankruptcy Code shall apply with respect to the Debtor and its property within the territorial jurisdiction of the United States, including with respect to the litigation between the Debtor and StoneX, <u>INTL FCStone Markets LLC v. Agro Santino OOD</u>, No. 20-CV-2658 (S.D.N.Y.); and it is further

**ORDERED**, that this Order is without prejudice of the Foreign Representative to seek additional relief under applicable provisions of the Bankruptcy Code (including, without limitation, section 1519 of the Bankruptcy Code) and without prejudice to the right of the Debtor to seek any remedy or to pursue any further relief; and it is further ordered

**ORDERED**, that notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) the provisions of this Order became effective and enforceable as of the Court's oral ruling granting the Application on June 22, 2022; (b) the Foreign Representative is not subject to any stay in implementation, enforcement, or realization of the relief granted in this Order; and (c)

4

the Foreign Representative is authorized and empowered, and may, in her discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that the provisions of this Order shall remain in full force and effect from June 22, 2022 until the date on which a final determination is made by this Court with respect to the Petition, and an order is entered in this chapter 15 case giving effect to such determination; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to enforcement, amendment or modification of this Order.

Dated: New York, New York
      July 14, 2022

                          /s/ *James L. Garrity, Jr.*
                          Honorable James L. Garrity, Jr.
                          United States Bankruptcy Judge